UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | |
|---|---|
| DANIEL WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:05-cv-0618-JDT-TAB |
| | ) |
| FREE SOFTWARE FOUNDATION, INC., | ) |
| | ) |
| Defendant. | ) |

**ENTRY GRANTING REASSERTED MOTION TO DISMISS (Docket No. 34)[1]**

On November 30, 2005, Plaintiff Daniel Wallace filed pro se his Fourth Amended
Complaint, in which he seeks injunctive relief to remedy alleged violations of Section 1
of the Sherman Act, 15 U.S.C. § 1.  Two days earlier, in its Entry Granting Motion to
Dismiss the Complaint ("Entry"), the court had dismissed the previous iteration of Mr.
Wallace's complaint, and granted him leave to amend the complaint to cure its
deficiencies.  The Fourth Amended Complaint purportedly cures those deficiencies, and
again seeks to enjoin "the restraint of trade by way of a licensing scheme to fix the
prices of computer software products" allegedly perpetuated by Defendant Free
Software Foundation, Inc. ("FSF").  (Fourth Am. Compl. 1.)

On December 29, 2005, FSF moved to dismiss the Fourth Amended Complaint,
arguing that it fails to state a claim upon which relief can be granted under Federal Rule

---

[1]  This Entry is a matter of public record and will be made available on the court's web
site.  However, the discussion contained herein is not sufficiently novel to justify commercial
publication.

of Civil Procedure 12(b)(6).  Mr. Wallace responded to the motion on January 3, 2006, with a reply brief being filed on January 24, 2006.  The motion to dismiss therefore is fully briefed and ripe for determination.

## I.  PLAINTIFF'S FOURTH AMENDED COMPLAINT

The allegations raised for the first time in the Fourth Amended Complaint are set forth below.  Rather than repeat its previous summation of the remaining allegations, the court instead refers the parties to its November 28, 2005 Entry.

Mr. Wallace now contends that FSF has conspired with International Business Machines Corporation, Red Hat Inc., Novell Inc. and other individuals to "pool and cross license their copyrighted intellectual property in a predatory price fixing scheme." (Fourth Am. Compl. 2-3.)  He contends that the scheme is carried out through a "predatory price fixing agreement . . . to pool and cross license . . . intellectual property with others" (*id.* 3) known as the GNU General Public License ("GPL").

Mr. Wallace adds a section in the Fourth Amended Complaint entitled "<u>INJURY</u>," in which he states that the predatory price fixing scheme is "foreclosing competition in the market for computer operating systems."  (*Id.*)  Specifically, it "prevents Plaintiff Daniel Wallace from marketing his own computer operating system as a competitor." (*Id.*)

2

## II.    MOTION TO DISMISS

In its Reasserted Motion to Dismiss, FSF requests that the court dismiss the Fourth Amended Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  FSF contends that the complaint fails to address the deficiencies identified by the court in its November 28, 2005 Entry, including that the "injury allegedly suffered by Plaintiff is not one that the antitrust laws were meant to address."  (Mot. Dismiss 5.)  Furthermore, FSF argues that Mr. Wallace lacks standing to bring the Fourth Amended Complaint because he does not allege "any facts to show that in fact he is prepared to enter the market for providing computer operating systems."  (*Id.* (citations omitted).)  FSF requests not only that the court dismiss the Fourth Amended Complaint, but also that it deny Mr. Wallace leave to further amend the complaint.

Mr. Wallace responds that his Fourth Amended Complaint adequately sets forth the three material elements of his claim under § 1 the Sherman Act.  He states that he has alleged 1) that the GPL constitutes a "contract, combination or conspiracy" (Resp. 2); 2) that the GPL creates an unreasonable restraint of trade (*id.* 6); and 3) that the GPL has caused him injury (*id.*10).  As a result, Mr. Wallace contends that he has "directly or inferentially alleged that the defendant has used an express contractual agreement to conspire with named co-conspirators and engage in an unreasonable restraint of trade by fixing prices at predatory levels."  (*Id.* 13-14.)

3

**A.      Standard of Review**

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept  as true the factual allegations contained in the complaint, as well as the inferences reasonably drawn therefrom.  *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000); *Baxter by Baxter v. Vigo County Sch. Corp.,* 26 F.3d 728, 730 (7th Cir. 1994).  A dismissal is appropriate only if the plaintiff can establish no set of facts, even if hypothesized, consistent with the allegations of the complaint that would entitle him or her to relief.  *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994).  Moreover, the court must examine only the complaint, and not the merits of the lawsuit.  *See Autry v. Nw. Premium Servs., Inc.,* 144 F.3d 1037, 1039 (7th Cir. 1998).

**B.      The Plaintiff Again Has Not Alleged An Antitrust Injury.**

In its November 28, 2005 Entry, the court pointed to a fatal flaw in Mr. Wallace's Third Amended Complaint—he did not allege an antitrust injury upon which his claim under Section 1 of the Sherman Act could move forward.  (Entry 11.)  The court noted that in order to assert a Section 1 claim, a plaintiff must allege that he or she suffered "injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' act unlawful."  *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 486 (1977).  This generally means an anticompetitive effect.  *Id.* at 489.  The court found that Mr. Wallace's purported injury, that he was "threaten[ed] from entering into the market with his own computer operating system" (Third Am. Compl. 3),

was not of the sort that antitrust laws were intended to prevent, and dismissed his complaint with leave to amend.  (Entry 11.)

Mr. Wallace has amended the complaint to add more detailed allegations relating to his injury.  He now asserts that the GPL is "foreclosing competition in the market for computer operating systems."  (Fourth Am. Compl. 3.)  Specifically, it "prevents Plaintiff Daniel Wallace from marketing his own computer operating system as a competitor." (*Id.*)  Mr. Wallace argues that this amendment saves his complaint from dismissal.  The court disagrees.  The injury set forth in the Fourth Amended Complaint, which the court acknowledges is subtly different than that alleged in the previous complaint, still suffers from the same infirmity identified in the court's November 28, 2005 Entry—it does not state an injury cognizable under antitrust laws.

First, while Mr. Wallace contends that the GPL is "foreclosing competition in the market for computer operating systems" (*id.*), his problem appears to be that GPL generates too much competition, free of charge.  The court's understanding from the GPL itself[2] is that it is a software licensing agreement through which the GNU/Linux operating system may be licensed and distributed to individual users so long as those users "cause any work that [they] distribute or publish, that in whole or in part contains or is derived from the Program or any part thereof, to be licensed as a whole at no charge to all third parties under the terms of this License."  (GPL 3.)  The GPL

---

[2]  The court may refer to the GPL in deciding the motion to dismiss because Mr. Wallace referred to it in his Fourth Amended Complaint.  *See Venture Assoc's. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

purportedly functions to "guarantee [users'] freedom to share and change free software." (GPL Preamble.) As alleged, the GPL in no way forecloses other operating systems from entering the market. Instead, it merely acts as a means by which certain software may be copied, modified and redistributed without violating the software's copyright protection. As such, the GPL encourages, rather than discourages, free competition and the distribution of computer operating systems, the benefits of which directly pass to consumers. These benefits include lower prices, better access and more innovation. *See* Jason B. Wacha, *Taking the Case: Is the GPL Enforceable*, 21 Santa Clara Computer & High Tech L.J. 451, 487 (2005). And the Sherman Act "was enacted to assure customers the benefits of price competition, and . . . prior cases have emphasized the controlling interest in protecting the economic freedom of participants in the relevant market." *Assoc.'d Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 528 (1983). Therefore, the court finds that the Fourth Amended Complaint does not adequately set forth an injury to competition as a whole.

The allegation in the Fourth Amended Complaint that the GPL is foreclosing Mr. Wallace from entering into the market for operating systems also is not a cognizable antitrust injury. The court understands Mr. Wallace's argument that the GPL may be preventing him from marketing his own operating system, and, for the purposes of the instant motion, accepts that allegation as true. However, while this may be significant enough from Mr. Wallace's perspective, a plaintiff must prove not only an injury to him or herself, but to the market as well, *Martin v. Am. Kennel Club, Inc.*, 697 F. Supp. 997, 1003 (N.D. Ill. 1988), which Mr. Wallace has failed to do. As the court stated in its

6

November 28, 2005 Entry, reduced opportunity as a competitor does not necessarily equate to an antitrust injury as recognized by the courts. *Brunswick*, 429 U.S. at 488. Indeed, injury in fact is "a different beast" than antitrust injury. *Prof'l Sports Ltd. P'ship v. Nat'l Basketball Assoc.,* 961 F.2d 667, 669 (7th Cir. 1992). And "whenever the plaintiff and consumers have divergent rather than congruent interests, there is a potential problem in finding 'antitrust injury'. . . . When the plaintiff is a poor champion of consumers, a court must be especially careful not to grant relief that may undercut the proper functions of antitrust." *Ball Mem'l Hosp., Inc. v. Mutual Hosp. Ins., Inc.*, 784 F.2d 1325, 1334 (7th Cir. 1986).

Mr. Wallace has not alleged that anyone interfered with his freedom to compete in computer software market by creating his own operating system, one perhaps with features different from, or in addition to, that of the GNU/Linux operating system. Indeed, Mr. Wallace has that ability, regardless of whether the GPL is in force or not.

For these reasons, the court finds that Mr. Wallace's Fourth Amended Complaint does not adequately allege an antitrust injury upon which his Section 1 claim may move forward.[3] The complaint therefore must be dismissed.

---

[3] FSF also argues that Mr. Wallace has not alleged that he is actually prepared to enter computer operating systems market. In light of the court's ruling on the antitrust injury issue, it is unnecessary to address whether this contention is correct.

**C.      The Plaintiff is Denied Leave to Further Amend the Complaint.**

FSF requests that the court deny Mr. Wallace leave to further amend his complaint, arguing that any fifth or subsequent amendment would be futile, particularly given Mr. Wallace's failure to state a claim thus far.  Even though Federal Rule of Civil Procedure 15(a) provides that "leave shall be freely given when justice so requires," a court may deny leave to amend for undue delay, bad faith, dilatory motive, prejudice, or futility.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Arazie v. Mullane*, 2 F.3d 1456, 1464 (7th Cir. 1993).  The opportunity to amend a complaint is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted."  *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)).  This standard is the same standard of legal sufficiency that applies under Rule 12(b)(6).  *Id.* at 623.

In this case, Mr. Wallace has had five opportunities to state a claim under Rule 12(b)(6).  And the court twice has determined that he failed to do so.  The court's November 28, 2005 Entry even specifically highlighted Mr. Wallace's failure to allege an antitrust injury, but Mr. Wallace's subsequent complaint did not adequately address that failure.  In such a situation, where Mr. Wallace has failed to remedy a deficiency expressly noted by the court, he should not, and will not, be granted leave to further amend his complaint.  *See Shanahan v. Chicago*, 82 F.3d 776, 781 (7th Cir. 1996) (a district court need not permit a plaintiff to amend a complaint if the amended complaint suffers from the same defects as the original complaint).

8

III.    **CONCLUSION**

For the reasons stated above, the court finds that Mr. Wallace has failed to allege

an antitrust injury such that his claim under Section 1 of the Sherman Act may move

forward.  The court therefore **GRANTS** the Reasserted Motion to Dismiss (Docket No.

34), filed December 29, 2005.  Mr. Wallace is **DENIED** leave to further amend his

complaint.

An appropriate judgment will be entered.

ALL OF WHICH IS ENTERED this 20th day of March 2006.

_____
John Daniel Tinder, Judge
United States District Court

Electronic copies to:

Curtis W. McCauley
Ice Miller
mccauley@icemiller.com

Philip A. Whistler
Ice Miller
philip.whistler@icemiller.com

Copy mailed to:

Daniel Wallace
P.O. Box 572
New Palestine, Indiana 46163